UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>           Plaintiff,<br><br>     vs.<br><br>MATTHEW CATE, et al.,<br><br>           Defendants. | 1:13-cv-00119-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 11.)<br><br>ORDER GRANTING REQUEST TO DISMISS CO-PLAINTIFFS' ACTIONS, WITHOUT PREJUDICE, EXCUSING THE FILING FEE, SUBJECT TO CO-PLAINTIFFS FOLLOWING INSTRUCTIONS IN THIS ORDER |

**I.     BACKGROUND**

Thomas Goolsby and four co-plaintiffs -- Kevin Hunt, Paul Diaz, David Baumgaertel, and Jesse Gehrke -- (collectively, five "Plaintiffs") filed the Complaint commencing this action on January 25, 2013.  (Doc. 1.)  On February 14, 2013, the Court issued an order denying Plaintiffs' motion for appointment of counsel.  (Doc. 7.)  On May 2, 2013, the Court issued an order denying Plaintiffs' motion for class action certification.  (Doc. 8.)  On May 2, 2013, the Court issued an order severing the Plaintiffs' claims and opening new actions for the four co-plaintiffs, leaving Thomas Goolsby the sole plaintiff in this action.  (Doc. 9.)  Plaintiffs were each ordered to file an amended complaint in their own cases within thirty days.  Id.

///

On May 20, 2013, Plaintiffs filed a motion for reconsideration of the Court's three orders listed above. (Doc. 11.) In the alternative, Plaintiffs request dismissal of the four co-plaintiffs' separate actions, without prejudice, excusing payment of the filing fees. (Id.)

## II. MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

## III. Discussion

Plaintiffs bring a motion for reconsideration of three of the Court's orders issued in this action: (1) order denying Plaintiffs' motion for appointment of counsel, issued on February 14, 2013; (2) order denying Plaintiffs' motion for class certification, issued on May 2, 2013; and (3) order severing Plaintiffs' claims, issued on May 2, 2013. In the alternative, Plaintiffs request dismissal of the four co-plaintiffs' separate actions, without prejudice, excusing payment of the filing fee.

///

A. **Order Denying Motion for Appointment of Counsel**

Plaintiffs seek reconsideration of the Court's order of February 14, 2013, which denied their motion for appointment of counsel. (Doc. 7.)

The court has discretion to designate counsel pursuant to 28 U.S.C. § 1915(e)(1) only under *exceptional circumstances*. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (emphasis added). Determining whether exceptional circumstances exist requires evaluating "the likelihood of success on the merits and plaintiff's ability to articulate his claims *pro* se in light of the complexity of the legal issues involved." Id. In the order denying appointment of counsel, the Court found that exceptional circumstances did not exist because at such an early stage of the proceedings the Court could not determine that the case is likely to succeed on the merits, and Plaintiffs appeared able to adequately articulate their claims pro se. The Court denied the motion without prejudice to renewal of the motion at a later stage of the proceedings.

Plaintiffs' primary argument for reconsideration is that without counsel, they are unable to proceed with a class action. Plaintiffs' desire to pursue class-action relief does not present an "exceptional circumstance;" if it did, every *pro se* prisoner seeking class-action relief would automatically be entitled to the appointment of counsel.

Plaintiffs have not set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration of the Court's order denying appointment of counsel shall be denied.

B. **Order Denying Certification of Class Action**

Plaintiffs seek reconsideration of the Court's order of May 2, 2013, which denied their motion for certification of this case as a class action.

Plaintiffs argue that the Court should not have denied them class certification only on the basis that they are not represented by an attorney. However, it is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d

1405, 1407 (4th Cir. 1975).  In direct terms, none of the Plaintiffs can "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4).  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  Plaintiffs' privilege to appear in propria persona is a "privilege ... personal to [them], and [none of the Plaintiffs] has "authority to appear as an attorney for others than himself."  McShane v. U.S., 366 F.2d 286, 288 (9th Cir. 1966), citing Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954).

Plaintiffs also argue that the Court has placed them in a "Catch-22" situation by denying them appointment of counsel because they appear able to articulate their claims, and then denying them class certification because they are not capable of litigating a class action without the assistance of counsel. (Motion, Doc. 11 at 4.)  Plaintiffs argue that the decision in Hagan v. Rodgers, 570 F.3d 146 (3d Cir. 2009), "[bars] the Court from denying a motion to appoint counsel [as] premature, then denying a motion to certify a class action because [the plaintiffs] have no lawyer." (Motion, Doc. 11 at 4.)  This Court is not bound by decisions in the Third Circuit such as Hagan.  Moreover, the Hagan court did not question the district court's conclusion that *pro se* litigants are generally not appropriate as class representatives.  Hagan cites Oxendine, 509 F.2d at 1407 (4th Cir. 1975), which held that "[i]t is plain error to permit[an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."  Hagan, 570 F.3d at 159.  Furthermore, Plaintiffs themselves acknowledge they are "well aware that a non-lawyer cannot represent the best interests of the class." (Motion, Doc. 11 at 3) (citing McShane v. United States, 366 F.2d 286 (9th Cir.).

Plaintiffs have not set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  Therefore, Plaintiff's motion for reconsideration of the order denying class certification shall be denied.

C.      **Order Severing Plaintiffs' Claims**

Plaintiffs also seek reconsideration of the Court's order of May 2, 2013, which severed Plaintiffs' claims and opened four new cases for the four co-plaintiffs, leaving Thomas Goolsby

///

as the sole plaintiff in this action, and ordering all of the Plaintiffs to file an amended complaint in their own cases.  (Doc. 9.)

Plaintiffs argue that under Rule 20 of the Federal Rules of Civil Procedure, incarcerated plaintiffs are allowed to bring a single complaint when the violations complained of arise out of a single set of facts that affect all of the plaintiffs equally.   Plaintiffs argue that they should be allowed to proceed together because their claims concern the yard policy and the plumbing system that affects all CCI SHU inmates, and all of the Plaintiffs were CCI SHU inmates at the time the events at issue occurred.  Plaintiffs assert that in the order severing the claims, the Court considered only hypothetical problems which could be encountered because Plaintiffs are inmates, without any considerations specific to the Plaintiffs in this action.  Plaintiffs seek to proceed together with claims against policies at CCI, not as individuals whose situations will be separately taken into consideration.

Under Rule 20, "[p]ersons may join in one action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a).  Even once these requirements are met, a district court must examine whether permissive joinder would "comport with the principles of fundamental fairness" or would result in prejudice to either side.  Coleman v. Quaker Oats Co. (9th Cir. 2000) 232 F.3d 1271, 1296 (quoting Desert Empire Bank v. Insurance Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980)).  Under Rule 20(b), the district court may sever the trial in order to avoid prejudice.  Coleman at 1296.   Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party ... [or] sever any claim against a party."  Fed. R. Civ. P. 21.

In Plaintiffs' case, five plaintiffs detained in the SHU at CCI filed a joint action alleging that defendants failed to allow them adequate outdoor exercise and sanitary conditions, and failed to allow them the same privileges as SHU inmates in other correctional facilities.  Other claims in the complaint, concerning a leaking roof in Plaintiff's cell, apply only to plaintiff

///

5

Goolsby.    (Cmp, Doc. 1 at 8 ¶24.)  The Court found good cause to sever Plaintiffs' claims because:

> In the Court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are incarcerated presents procedural problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals.  Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to delay and confusion. (Doc. 9 at 2:9-16.)

The complaint itself presents ample reasons, specific to the Plaintiffs in this action, to justify severance of Plaintiffs' claims, even if Plaintiffs' claims arise from the same prison policies and share some question of law or fact.   By the time the initial complaint was filed on January 25, 2013, two of the five Plaintiffs were no longer incarcerated at CCI.  Plaintiff Thomas Goolsby, designated in the complaint as "Head Co-Plaintiff," had been transferred to Pelican Bay State Prison, and Plaintiff David Baumgaertel gave an address in Apple Valley, California. (Cmp at 4 ¶3, 16.)  Plaintiffs argue that their separation from each other will not cause delay or confusion, because 15 CCR § 3139(f)(2) specifically allows inmates from different facilities to communicate with each other if they are co-litigants on active cases. However, §3139 does not unconditionally allow such communication.  Inmates and parolees must first obtain written authorization to communicate, and the authorization may be withdrawn for the inmate's violation of regulations.  15 CCR §3139.   The application process requires the submission of a Request on CDC Form 1074 by each Plaintiff, to particular officers, and requires a review of the inmate's C-file and/or an interview of the inmate, which takes time.  Id.  Parolees are also subject to specific application requirements and review.  Id. §3139(a)(4).   Plaintiffs offer no evidence that they have obtained, or even requested authorization.

Even if all of the Plaintiffs obtained authorization to communicate with each other, delays would be caused by the need for all filings to contain the original signatures of all Plaintiffs.  Local Rule 131(b) ("[a]ll pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is

appearing in propria persona."). Plaintiffs are not permitted to authorize one of the Plaintiffs to sign documents for them, because a non-lawyer may not represent anyone but himself or herself in court. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). In the unlikely event that all of the Plaintiffs are someday housed together at CCI again, or at another facility, joint litigation would still be unmanageable at a large facility with thousands of inmates. The delays and confusion caused by Plaintiffs all proceeding pro se in the same action would be prejudicial to the defendants.

Plaintiffs have not presented the Court with facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. Therefore, Plaintiffs' motion for reconsideration of the Court's order severing the Plaintiffs' claims shall be denied.

## III.   REQUEST FOR DISMISSAL OF CO-PLAINTIFFS' INDIVIDUAL ACTIONS

In the alternative, Plaintiffs have requested dismissal of the four co-plaintiffs' individual actions, without prejudice, excusing payment of the filing fees. The four co-plaintiffs assert that they do not wish to pursue separate claims, nor do they have the knowledge or inclination to proceed without plaintiff Goolsby.

The Court's order issued on May 2, 2013, severed the four co-plaintiffs' claims from this action and opened a new case for each of the four co-plaintiffs. (Doc. 9.) As a result, the four co-plaintiffs were dismissed from this action, and any motion to dismiss must be brought by Plaintiffs in their individual cases. Each of the Plaintiffs is entitled to voluntarily dismiss his separate action, without prejudice, under Rule 41 of the Federal Rules of Civil Procedure. In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of

the notice. <u>Concha</u>, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. <u>Id.</u>

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997).

Plaintiffs are advised that if they elect to proceed with their individual actions, they will each be liable for the $350.00 filing fee for their actions. Plaintiffs are each obligated to pay the statutory filing fee of $350.00 for their actions, even if they proceed in forma pauperis. 28 U.S.C. 1915(b)(1). If the court grants a plaintiff's application to proceed in forma pauperis, the prison shall be directed to make monthly payments to the court for the filing fee from the plaintiff's prison trust account. 28 U.S.C. § 1915(b)(2).

If any of the Plaintiffs wishes to dismiss his case, he should file a notice entitled "Notice of Voluntary Dismissal of This Action under Rule 41(a)(1)" in his individual case, referring to his own case number. In light of the fact that the co-plaintiffs did not voluntarily file separate actions, they shall not be held liable for the $350.00 filing fee for their separate actions <u>if they file a notice of voluntary dismissal in their separate actions within thirty days</u>. If any of the Plaintiffs elects to proceed with his separate action, he must either pay the $350.00 filing fee or submit an application to proceed in forma pauperis, pursuant to the Court's order of May 2, 2013.

Accordingly, Plaintiffs' request for the dismissal of the four co-plaintiffs' individual actions, without prejudice, excusing payment of the filing fees, shall be granted, subject to the co-plaintiffs following the instructions in this order.

**IV. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for reconsideration, filed on May 20, 2013, is DENIED;

2. Plaintiffs' request for the dismissal of the four co-plaintiffs' separate cases, without prejudice, excusing the filing fees, is GRANTED, subject to the co-plaintiffs' following the instructions in this order;

///

3. If any of the four co-plaintiffs [co-plaintiffs Hunt, Diaz, Baumgaertel, and Gehrke] elects to dismiss his separate action and files a "Notice of Voluntary Dismissal of This Action under Rule 41(a)(1)" in his separate action within thirty days of the date of service of this order, the case shall be dismissed without prejudice, and the co-plaintiff shall not be held liable for the $350.00 filing fee for his separate action;

4. If any of the four co-plaintiffs [co-plaintiffs Hunt, Diaz, Baumgaertel, and Gehrke] elects to proceed with his separate action, he must either pay the $350.00 filing fee for his action or submit an application to proceed in forma pauperis in his separate action, and file an amended complaint, pursuant to the Court's order of May 2, 2013;

5. If plaintiff Thomas Goolsby elects to proceed with this action, he must pay the filing fee for this action and submit an amended complaint, pursuant to the Court's orders of May 2, 2013 and May 3, 3013; and

6. The Clerk is DIRECTED to file, docket, and serve a copy of this order in the following cases:
   (1) **1:13-cv-00634-GSA-PC; Hunt v. Cate**
   (2) **1:13-cv-00635-GSA-PC; Diaz v. Cate**
   (3) **1:13-cv-00636-GSA-PC**; **Baumgaertel v. Cate**
   (4) **1:13-cv-00637-GSA-PC**; **Gehrke v. Cate**

IT IS SO ORDERED.

Dated:   **May 30, 2013**                         **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE